UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RICHARD BERNDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:11-CV-048 |
| | ) (VARLAN/SHIRLEY) |
| V. | ) |
| | ) |
| AMANDO FONTEZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 5] referring the Plaintiff's Petition for Legal Counsel [Doc. 4], to this Court for disposition.

This case originates out of an automobile accident that is alleged to have taken place August 21, 2010, outside of Newport, Tennessee. The Plaintiff has, thus far, proceeded *pro se* in this matter. The Plaintiff alleges that various county officials violated his constitutional rights in their handling of the automobile accident and their response to Plaintiff's requests for follow-up after the accident. [See Doc. 2]. In his Petition, the Plaintiff requests that counsel be appointed to him, at no cost, to assist him in litigating his claims.

The law regarding appointment of counsel is well-established in this Circuit. The Court of Appeals for the Sixth Circuit summarized the law thoroughly in Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993), explaining:

> Appointment of counsel in a civil case is not a constitutional right. Mekdeci v. Merrell National Laboratories, 711 F.2d 1510, 1522 n. 19

(11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987); see also Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986).

In this case, the Court finds that there are no "exceptional circumstances" that would warrant appointment of counsel. The Complaint [Doc. 2] demonstrates that the facts of the case are straightforward and involve interactions between the Plaintiff and the Defendants. The Plaintiff is well-versed in the pertinent facts, and further, the claims at issue are not complex legal issues.

Based upon the foregoing, the Court finds that the Motion for Appointment of Counsel **[Doc. 4]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge